COMMONWEALTH *vs.* WILLIAM P. SHAW & another.

A witness, on cross examination, cannot be asked a question, otherwise irrelevant, for the purpose of testing his moral sense.

The rulings of a judge, in the trial of a case, limiting the course of proceeding on cross examination, and excluding inquiries in respect to topics irrelevant to the matter in issue, are not subject to exception.

THE defendants being on trial in the court of common pleas, before *Perkins,* J., on an indictment charging them with breaking and entering a shop in the night time, one Pearson was examined as a witness for the prosecution, and testified, among other things, that Mallory, one of the defendants, was a boarder in his house, and that the witness, in the absence of Mallory, seeing his valise partly open, and some unsealed letters exposed at the mouth of it, took some of the letters and read them. On cross examination, the witness was asked, whether it was his custom to open the letters of his boarders, and if he knew whether it was right or wrong to open and read the private letters of a boarder in his own room. These questions were objected to by the district attorney, and the counsel for the defendant, on being asked what was the object of putting them, said that it was to test the moral sense of the witness. The judge ruled that they could not be put for that purpose.

The jury having found the defendants guilty, they alleged exceptions to various rulings at the trial, of which the only one necessary to be stated is the above.

*O. P. Lord,* for the defendants.

*Clifford,* attorney general, for the commonwealth.

DEWEY, J. The exceptions, taken to the various rulings of the presiding judge, in the present case, are wholly untenable, and many of the points too familiar to require any exposition.

The only exception, to which it is deemed expedient particularly to allude, is that to the ruling of the judge excluding the interrogatory put to a witness on his cross examination : " Whether it was his custom to open the letters of his boarders, and if he knew whether it was right or wrong to

50 *

open and read the private letters of a boarder in his own room." The proposed testimony clearly had no direct bearing on the issue. If competent at all, it was so with a view of exhibiting more fully to the jury the particular opinions of the witness, in respect to his own social and moral obligations to others, as detracting from the credit of the witness. We think the testimony was properly excluded by the presiding judge.

But upon more general grounds, supposing the testimony admissible on cross examination, we think the exception should be overruled. The manner of conducting the examination of a witness, and particularly the course of proceeding in the cross examination, is a matter resting much in the sound discretion of the presiding judge, and the limitation of inquiries in respect to matters irrelevant to the point in issue can be so much more appropriately exercised by him, that it seems to us this must depend very much upon his discretion, he having regard to the appearance of the witness, and his apparent disposition to disclose the whole truth.

The court are of opinion that such ruling, limiting the course of inquiry on a cross examination, and excluding inquiries that are irrelative to the matter in issue, is not subject to exception, and not to be revised in this court. *Commonwealth* v. *Sacket*, 22 Pick. 394. *Exceptions overruled.*